UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELLIS MILTON DALLAS,

        Petitioner,

                             CIVIL CASE NO. 12-15495
v.                            CRIMINAL CASE NO. 10-20488
                             HON. GEORGE CARAM STEEH

UNITED STATES OF AMERICA,

        Respondent.
_____/

ORDER DENYING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE
UNDER 28 U.S.C. § 2255 AND DENYING A CERTIFICATE OF APPEALABILITY

I.  INTRODUCTION

On August 30, 2010, Petitioner was indicted by a grand jury on two counts of violating 21 U.S.C. § 846. Count One was conspiracy to distribute five kilograms or more of cocaine and Count Two was attempted possession with intent to distribute more than 5 kilograms of cocaine.

On November 8, 2010, Petitioner entered a guilty plea to Count Two. The parties agreed the applicable guideline range was 108-135 months, with an offense level of 29 and criminal history category of III. The Petitioner waived his right to appeal his conviction and sentence, if the court imposed a sentence not exceeding 135 months. (Rule 11 Plea Agreement, ¶ 7). The court accepted Petitioner's guilty plea. (11/8/10 Guilty Plea Transcript at 21). On March 30, 2011, Petitioner was sentenced to the mandatory minimum term of 120 months. The judgment was entered on March 31, 2011.

Presently before the court is Petitioner's *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, filed on December 14, 2012. Petitioner

raises the following claims: (1) equitable tolling of the section 2255 limitation period because he allegedly (a) was unable to reach his attorney since his sentencing and (b) he only discovered that a direct appeal had not been filed upon receipt of his docket sheet; (2) allegedly insufficient factual basis of his "intent to distribute" to sustain his guilty plea under the Rule 11 Plea Agreement; and (3) ineffective assistance of trial counsel for giving allegedly deficient legal advice that Petitioner would be found guilty if he went to trial.

The court is familiar with this case and has read the motion, response and reply briefs filed by the parties. For the reasons discussed below, the court denies Petitioner's motion to vacate, set aside or correct sentence.

## II. BACKGROUND

On April 17, 2009, Petitioner was contacted by an associate and asked to pick up a package from a shipping and receiving company. He picked up the package and put it in the trunk of his car. Within minutes Petitioner was arrested by authorities for possessing the carton which contained 8,872 grams of cocaine. That day, authorities also discovered two weapons at Petitioner's home which he acknowledges were "registered in [his] wife's name, but because he is an ex-felon, [he] is not supposed to be around that . . . ." (Guilty Plea Transcript at 6).

On August 30, a grand jury returned a two-count indictment charging Petitioner in Count One with a violation of 21 U.S.C. § 846 (conspiracy to distribute five kilograms or more of cocaine), and in Count Two with a violation of 21 U.S.C. § 846 (attempted possession with intent to distribute more than five kilgrams of cocaine). That day the Federal Defender's Office was appointed to represent Petitioner, but on September 14,

2010, the court entered an order pursuant to a stipulation substituting Gerald Sniderman as the Petitioner's defense counsel.

On November 8, 2010, Petitioner entered a Rule 11 Plea Agreement in which the Petitioner admitted to the factual allegations underlying Count Two of the indictment:

> Prior to April 17, 2009, defendant arranged to have a box containing what he believed to be 8 kilograms of cocaine shipped to a company located in Highland Park, Michigan. On April 17, 2009 Petitioner picked up the box at the company and intended to give it to another person(s).

(Rule 11 Plea Agreement, ¶ 1.C).

Firearms charges and a potential enhancement for criminal history were not filed as part of the plea agreement. (Guilty Plea Transcript at 20).

### III.   STANDARD

Under 28 U.S.C. § 2255, a defendant seeking relief "must allege as a basis for relief: (1) an error of constitutional magnitude; (2) a sentence imposed outside statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006) (citing *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)).  When making claims alleging errors of constitutional magnitude, a defendant must show that the constitutional error had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619 637-38 (1993); *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999).

### IV.  DISCUSSION

A.  Timeliness of the Petition

Petitioner first argues that he should be granted equitable tolling of the § 2255 limitation period on the basis that he was unable to reach his attorney since his sentencing

and that he only discovered that a direct appeal had not been filed upon receipt of his docket sheet.

The relevant portions of § 2255(f) state as follows:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–

> (1) the date on which the judgment of conviction becomes final; or
> . . . .
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The government contends the "date on which the judgment becomes final" should in this case be ten days after the entry of judgment on March 31, 2011. *See generally*, *Sanchez-Castellano v. United States*, 358 F.3d 424 (6th Cir. 2004) (finding one-year statute of limitations period for filing § 2255 motion began to run, with respect to federal defendant who did not seek a direct appeal of conviction, ten days after entry of judgment of conviction).

However, under § 2255(f)(4), the date when facts supporting Petitioner's claim "could have been discovered through the exercise of due diligence" may have been later than April 10, 2011. A Petitioner is entitled to equitable tolling if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way," preventing timely filing. *See Holland v. Florida*, 130 S. Ct. 2549, 2553 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The diligence standard is "reasonable diligence" rather than "maximum feasible diligence." *Id.*, at 2565. Knowledge of whether a direct appeal was in fact filed by his attorney as requested is a

fact informing his § 2255 motion. Petitioner shows some level of diligence in repeated alleged attempts to contact his attorney via mail and telephone as well as securing his plea hearing transcripts and docket sheet.

The fact that Petitioner required time to learn how 28 U.S.C. § 2255 applied to his case does not warrant equitable tolling. *See Allen v. Yukins*, 366 F. 3d 396, 403 (6th Cir. 2004) (ignorance of the law insufficient to warrant equitable tolling). Attorney neglect or error also does not generally give rise to equitable tolling. *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96 (1990). However, the Supreme Court has held that a "serious instance of attorney misconduct" may rise to the level of an extraordinary circumstance necessary to justify equitable tolling. *Holland,* 130 S.Ct. at 2564. In *Holland,* Holland's attorney failed to file his petition on time, despite Holland's repeated warnings of the statute of limitations. The Court found Holland's attorney's misconduct may have risen to the level of an "extraordinary circumstance" and that Holland's "reasonable diligence" consisted of his making "every effort to stay abreast of his case." *Patterson v. Lafler*, 455 F. App'x 606, 609-10 (6th Cir. 2012).

While Petitioner has made an argument for equitable tolling, this court need not reach the issue of equitable tolling because even if Petitioner's motion were considered timely filed, it fails on its merits. Therefore, whether Petitioner exercised "reasonable diligence," and whether his confusion over his alleged request for a direct appeal amounted to an "extraordinary circumstance," are rendered moot.

B.  Factual Basis of the Plea Agreement

Petitioner argues that the court never determined a factual basis for his Rule 11 plea agreement. Under Rule 11, before entering judgment on a guilty plea, the court

must determine that there is a factual basis for the plea. Fed.R.Crim.P. 11(b)(3). "[T]he purpose of this rule is to protect a defendant who is in the position of pleading voluntarily with an understanding of the nature of the charge but without realizing that his conduct does not actually fall within the charge." *United States v. Mobley*, 618 F.3d 539, 545 (6th Cir. 2010) (internal quotations omitted).

However, "strong evidence of actual guilt" is not necessary to satisfy Rule 11(b)(3), even where a defendant protests his innocence. *United States v. Tunning*, 69 F.3d 107, 111-12 (6th Cir. 1995). Rather, Fed.R.Crim.P. 11(b)(3) requires only that the district court "satisfy it[self] that there is a factual basis for the plea." *Id.* Moreover, the district court may determine the existence of the Rule 11(b)(3) factual basis from "a number of sources, including a statement on the record from the government prosecutors as well as a statement from the defendant." *United States v. Goldberg*, 862 F.2d 101, 105 (6th Cir. 1988); *see also Spiridigliozzi v. United States*, 117 F. App'x 385, 393 (6th Cir. 2004) (noting a summary of the charges in the indictment and admissions by the defendant are sufficient to establish a factual basis under Rule 11(b)(3)).

The record reflects a sufficient factual basis to support Petitioner's guilty plea. The charge's elements include Petitioner's intent to possess and distribute the cocaine plus a substantial step toward the crime. His admitted acquiring control over the container was plainly an overt act constituting a substantial step towards the underlying crime. (Guilty Plea Transcript at 6). Petitioner argues that the charge of attempted possession with intent to distribute more than five kilograms of cocaine lacks factual basis because he was unaware of the exact contents of the container. However, the plea hearing transcript establishes his intent sufficient to support his plea. A factfinder may find intent to distribute

when evidence permits an inference that the drugs were not for the defendant's own personal use but were to be passed on to others. *United States v. Pennyman*, 889 F.2d 104, 108 (6th Cir. 1989) (citing *United States v. Giles*, 536 F.2d 136, 141 (6th Cir.1976)).

Here, the record establishes Petitioner's knowledge that the container contained "drugs of some kind," and circumstantially indicates – to a degree adequate to support his guilty plea – that the 8,872 grams of cocaine were not for Petitioner's consumption, rather he intended for their distribution. (Guilty Plea Transcript at 19).

> THE COURT: [W]hat did you plan to do with the box that you placed in the vehicle?
>
> DEFENDANT: Take it to the person that had requested it.
>
> THE COURT: You intended to turn it over to the person who gave you the direction to pick it up?
>
> DEFENDANT: Yes.
>
> THE COURT: Which satisfies the distribution element.

(*Id.*)

### C. Ineffective Assistance of Counsel

Petitioner also argues that he received ineffective assistance of counsel, in violation of his Sixth Amendment right, because his attorney advised him to plead guilty when no factual basis allegedly existed. To prevail, Petitioner must establish (1) that his counsel's performance failed to meet an objective standard of reasonableness, and (2) that there "is a reasonable probability that, but for counsel's unprofessional error, the result of the pleading would be different." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Here, Petitioner must specifically show that he "would not have pleaded guilty and would have insisted on going to trial 'but for' counsel's ineffective assistance." *Maness v. United*

*States*, 2000 WL 1562792 at *2 (6th Cir. 2000)(unpublished). Meanwhile, counsel is "strongly presumed" to have "rendered adequate assistance and made significant decisions in the exercise of reasonable professional judgment." *Strickland*, 446 U.S. at 690.

Petitioner's ineffective assistance claim must fail because his attorney's assistance regarding his plea was not objectively unreasonable, sufficient to overcome the *Strickland* presumption of adequate assistance. His counsel's advice that "if he went to trial . . . he would be found guilty as charged . . . ." is not objectively unreasonable given the evidentiary basis for his guilty plea. (Pet'r Br. at 6).

D.  Certificate of Appealability

Procedural Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2225 Proceedings, which was amended as of December 1, 2009, requires that a district court issue or deny a certificate of appealability when it enters a final order.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificate of Appealability*, 106 F. 3d 1306, 1307 (6th Cir. 1997).

For the reasons set forth above, the court finds that defendant has not shown that his sentence violated his constitutional rights. The court will not issue a certificate of appealability in this case.

V. CONCLUSION

Petitioner's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 is DENIED with prejudice. A certificate of appealability shall not issue.

IT IS SO ORDERED.

Dated: July 9, 2013

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on July 9, 2013, by electronic and/or ordinary mail and also on Ellis Dallas #12207-039, FCI McDowell, Federal Correctional Institution, P. O. Box 1009, Welch, WV 24801.

s/Barbara Radke
Deputy Clerk